Judge Hitchcock
delivered the opinion of the court:
Section 18 of the “ act relating to wills and codicils,” passed February 26, 182d (22 State Laws, 1213), enacts, in substance, that any person interested may, within two years after probate had, by bill in chancery, contest the validity of any will; and that when the bill is filed, an issue shall be made up, whether the writing produced be the last will and testament of the testator or not. The statute itself having prescribed the issue, it must be followed.
The defendant, in chancery, has the affirmative of the issue to be tried. He affirms that the paper writing is the last will and testament of the testator. This fact is denied by the complainant. In the case before the court, an order must be made, so as to make the issue conform to that prescribed by the statute.
*The answer of the defendant can not be read by him on the trial of' the. issue. In truth, no answer is necessary, for the law prescribed the- mode of determining the litigation after hill *256 filed. The depositions which have been taken in chancery may be read on the trial of the issue, provided the deponents are not within the jurisdiction of the court at the time of trial. They will be subject, however, to every exception which' might be made to-them, if offered in chancery. The motion of the defendant is overruled as to reading of the answer, but sustained as to the depositions, with the foregoing restrictions.
The following is a copy of the order made in this cause:
“It being made to appear to the court that the complainant in this case seeks to set aside a certain paper writing, purporting to-be the last will and testament of Timothy Green, late of the county of Fairfield, deceased, which has been admitted to probate according to the statute in such cases made and provided, it is ordered that an issue at law be made up between the parties, to try the-validity of said will, and transmitted to the Supreme Court of said county, next to be holden therein, to ascertain, by the verdict of a jury, whether said writing is the last valid will and testament of the said Timothy Green or not; and that, in making the said issue, the respondents file a declaration affirming the said paper writing to be the last will and testament of the said Timothy Green. And the said complainant shall plead to the said declaration that the-said paper writing is not the last will of the said Timothy Green, deceased. It is further ordered that either party may use, on the-trial of said issue at law, any of the depositions properly taken, and now on file in this cause, which contain relevant and competent evidence, provided the witnesses, whose depositions are-offered at the trial, are deceased, aged, infirm, or without the jurisdiction of the court, as depositions taken de bene esse are allowed to be read in cases at law. It is further ordered, that the motion of the respondent for leave to read his own answer in evidence be-denied, and that this cause be continued.”